FILED
United States Court of Appeals
Tenth Circuit

October 22, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAURICE T. JONES,

    Defendant - Appellant.

No. 24-3016
(D.C. No. 2:21-CR-20055-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Defendant Maurice T. Jones appeals his conviction for possessing a firearm as a convicted felon under 18 U.S.C. § 922(g)(1). We are, as conceded by Defendant, bound by precedent to reject the arguments he raises on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we therefore uphold the conviction.

In November 2017 a Kansas police officer followed Defendant's car because the officer could not read the rear license plate. After he stopped Defendant, he

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

approached the vehicle, "smelled burnt marijuana," and conducted a search of the vehicle. Aplt. Br. at 5. He "discovered a Glock handgun with a round drum magazine on the floorboard in the back behind the passenger seat, and a backpack in the passenger seat which contained a handgun magazine, baggies, and cocaine." *Id.* In September 2021 a federal grand jury in Kansas indicted Defendant on one count each of "possessing with intent to distribute cocaine," "carrying a firearm in furtherance of drug trafficking," and "possessing a firearm as a convicted felon." *Id.* at 3. He was acquitted on the first two counts.

Defendant raises three issues on appeal, solely to preserve them for further review: (1) "Whether the district court legally erred by requiring [him] to provide proof of [the officer's] discriminatory intent before ordering additional discovery on his claim of selective enforcement." *Id.* at 2. (2) Whether the Second Amendment permits the government to prohibit possession of a firearm by a convicted felon whose conviction was (as is true of Defendant) a *nonviolent* felony. And (3) whether Defendant could be convicted of possession of a firearm absent proof that his possession "actually affect[ed] interstate commerce." *Id.*

On the first issue, the Supreme Court has held that one claiming discriminatory enforcement by the government "must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (internal quotation marks omitted). And this court has required that a defendant seeking discovery on the issue of selective enforcement first "must produce some evidence of both

2

discriminatory effect and discriminatory intent." *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006) (internal quotation marks omitted).

As for Defendant's second and third issues, they were both resolved by *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), which upheld the constitutionality of the federal ban for *any* convicted felon's possession of a firearm, *see id.* at 1047, and held that "if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and [§ 922(g)(1)] can be constitutionally applied." *Id.* (internal quotation marks omitted). We reaffirmed the Second Amendment holding in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023).

This court's precedents foreclose all three issues raised on appeal. We therefore **AFFIRM** the court's rulings and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge